FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX DELEON,<br><br>    Defendant. | No. 4:21-CR-06038-SAB-3<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEVER** |

    Before the Court is Defendant's Motion Re: Severance of Defendants, ECF No. 129. The Court heard oral argument on November 2, 2022 in Yakima, Washington. Defendant was present and represented Nicholas Marchi. The United States was represented by Thomas Hanlon, substituting for Caitlin Baunsgard.

    Defendant asks the Court to sever his trial from his co-Defendants based on antagonistic defenses. Defendant is charged with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 842 and 846. He argues that the sheer weight of the evidence against his co-Defendants would cause the jury to convict him regardless of his innocence.

    The United States argues that Defendant has not met his burden to show the trials should be severed. On the contrary, the United States believes that Defendant is the most culpable as the son of the ultimate source of supply in

**ORDER DENYING DEFENDANT'S MOTION TO SEVER ~ 1**

Mexico as well as the link between his co-Defendants and the source of the supply.

## Applicable Law

Fed. R. Crim. P. 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). There is a preference in the federal system for joint trials of defendants who are indicted together. *Id.* Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*

Fed. R. Crim. P. 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the United States. It provides:

> "If it appears that a defendant or the government is prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The U.S. Supreme Court has said that mutually antagonistic defenses are not prejudicial per se. *Zafiro*, 506 U.S. at 538. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.

As the Supreme Court explained:

> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For

**ORDER DENYING DEFENDANT'S MOTION TO SEVER ~ 2**

> example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Id.*

Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. *Id.* Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *Id.* Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Id.*

Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Id.* (citation omitted).

The burden is on Defendant to show prejudice. *Id.* at 541.

### Analysis

Here, Defendant has not shown that a joint trial with his co-Defendants would subject him to any legally cognizable prejudice. Based on the record before the Court, there is nothing to substantiate that the co-Defendants have different degrees of culpability. According to the United States, Defendant may be the most culpable. Defendant has not identified any evidence that is admissible only against a co-Defendant, has not shown there is a serious risk that a joint trial would compromise any specific trial right, and has not established that a jury will be prevented from making a reliable judgment about his guilt or innocence. At this point, any possible prejudice can be addressed through proper jury instructions. *See id.* at 540-41 (finding the district court properly instructed the jury that the Government had "the burden

**ORDER DENYING DEFENDANT'S MOTION TO SEVER ~ 3**

of proving beyond a reasonable doubt" that each defendant committed the crimes with which he or she was charged," as well as instructing that the jury must "give separate consideration to each individual defendant and to each separate charge against him. Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her").

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Re: Severance of Defendants, ECF No. 129, ECF No. 129, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 15th day of November 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO SEVER ~ 4**